**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| BRIAN LEE HUNT II, )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>BRIAN L. HUNT, and )<br>ALICE P. HUNT, )<br>)<br>Appellees. ) | CAUSE NO.: 4:11-CV-8-TLS |

**OPINION AND ORDER**

On October 26, 2010, in Adversary Proceeding No. 08-4050, Chief Judge Robert E. Grant of the United States Bankruptcy Court issued a Decision [ECF No. 2-1 at 8–12] determining that the debtor's actions did not constitute defalcation under 11 U.S.C. § 523(a)(4) and that any obligation he may owe to Brian Lee Hunt II (the debtor's son) because of his actions was dischargeable. Judgment [ECF No. 2-1 at 14] was entered on the same date. On December 27, 2010, Brian Lee Hunt II filed a Notice of Appeal [ECF No. 2-1 at 14] "to the United States Court of Appeals for the Seventh Circuit."

On January 4, 2011, Judge Grant issued an Order Regarding Notice of Appeal [ECF No. 2-1 at 17–18], in which he noted that Brian Lee Hunt II had not satisfied the procedural requirements for taking a direct appeal to the Court of Appeals, observed that the Notice of Appeal was not timely filed, and denied Brian Lee Hunt II's request for a certification for a direct appeal. Judge Grant directed that Brian Lee Hunt II's Notice of Appeal would proceed through the ordinary process and be forwarded to the District Court. On January 25, this appeal was docketed, and a Notice of Transmittal was issued.

On March 31, 2011, this Court issued an Order [ECF No. 4] directing the Appellant to

show cause on or before April 15, 2011, why this appeal should not be dismissed based upon the untimely filing of the Notice of Appeal and the failure to timely file a brief. The Court warned that a failure to respond and show cause by the April 15 deadline would result in dismissal of this appeal with prejudice and without further notice. In its Order, the Court highlighted procedural rules with which the Appellant appeared to have failed to comply in initiating and prosecuting this appeal. First, Federal Rule of Bankruptcy Procedure 8002(a) requires that the notice of appeal "be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." Second, Federal Rule of Bankruptcy Procedure 8009(a)(1) requires that, "[u]nless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits," an appellant must "serve and file a brief within 14 days after the entry of the appeal on the docket pursuant to Rule 8007."

On the very next day, April 1, the Appellant filed a Response to Order to Show Cause and Request for Time to File Brief of Appellant [ECF No. 5] in which he, among other things, stated that he did not receive the Notice of Transmittal and requested additional time to file his brief. The Response did not address the Appellant's failure to file his Notice of Appeal in a timely fashion.

On April 4, the Court issued an Order [ECF No. 6] denying the Appellant's request for additional time to file his brief. The Court again ordered the Appellant to show cause on or before April 15, 2011, why this appeal should not be dismissed based upon (1) the untimely filing of his Notice of Appeal and/or (2) the failure to timely file his brief. In its Order, the Court highlighted that the matter of the untimely filing of the Notice of Appeal is a jurisdictional issue that the Court must resolve before it may resolve any other issue in this case.

On April 15, the Appellant filed a Response to Order of April 4, 2011 to Show Cause [ECF No. 7], in which the Appellant addresses both the untimely filing of the Notice of Appeal and the failure to timely file his brief. In this Response, the Appellant outlines his claims regarding his father's poor handling of trust assets and explains that he intended to appeal the bankruptcy court's determination of the dischargeability of certain debts. Counsel for the Appellant acknowledges that he does not have extensive experience with bankruptcy proceedings and appeals, that he thought the avenue for appeal was to the Seventh Circuit, and that he believed that he had timely filed his Notice of Appeal on December 27, 2010, but that he learned the appeal period was fourteen days when he received Judge Grant's January 4, 2011, Order. Counsel candidly admits that he erred in not knowing the fourteen day filing period that applies in bankruptcy appeals, and he takes responsibility for his error. Counsel also expresses his desire for this Court to review his challenge to the bankruptcy court's determination on the defalcation of a fiduciary trust issue and grant him up to April 29, 2011, to file a brief.

The Court appreciates counsel's candor and has carefully considered the Appellant's arguments and requests. However, Bankruptcy Rule 8002(a) requires that a notice of appeal from a bankruptcy court's decision be filed within fourteen days of the entry of the judgment or order, and, under Seventh Circuit precedent, an appeal filed more than 14 days after entry of the judgment or order cannot be reviewed by the district court because the court lacks jurisdiction over the matter. *See In the Matter of Maurice*, 69 F.3d 830, 832 (7th Cir. 1995) (an untimely-filed notice of appeal is "jurisdictionally late" and puts the challenged bankruptcy order or judgment "outside the district judge's power of review"); *Stelpflug v. Fed. Land Bank of St. Paul*, 790 F.2d 47, 49 (7th Cir. 1986) (per curiam) ("'the requirement of a timely notice of

appeal'" from an order or judgment of the bankruptcy court "'is mandatory and jurisdictional'") (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982) (per curiam)). The record here is clear that the Appellant failed to file his Notice of Appeal within the requisite period, and consequently this Court lacks jurisdiction and must dismiss this appeal. Additionally, the Appellant has not presented the Court with any authority that would permit this Court, which lacks jurisdiction over this appeal, to allow counsel to proceed before the Seventh Circuit in order to preserve the alleged error of the bankruptcy court.

For these reasons, the Court ORDERS this appeal DISMISSED.

SO ORDERED on April 21, 2011.

   /s Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION